NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK WAYNE SMITH, | ) | No. C 06-0103 JF (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR DEFAULT JUDGMENT; DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| vs. | ) ) ) | |
| JOANNE WOODWARD, et al., | ) ) | |
| Defendants. | ) ) | (Docket Nos. 29, 30, 32 & 42) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison officials. Plaintiff has filed a motion for appointment of counsel (docket no. 29), motion for default judgment (docket no. 30), and a motion for a temporary restraining order and preliminary injunction (docket no. 32) with a supplement thereto (docket no. 42). The Court will deny these motions for the reasons set forth below.

///

///

///

Order Denying Ms. For Appt. Of Counsel, Default Judgment, TRO
P:\PRO-SE\SJ.JF\CR.06\Smith103_motions.wpd   1

**DISCUSSION**

A.  <u>Motion for Appointment of Counsel</u>

Plaintiff has filed a motion for appointment of counsel (docket no. 29) in which he maintains that appointment of counsel is necessary because he cannot afford to hire counsel, the issues involved are complex, he requires assistance in factual investigation and dealing with expert witnesses, and he has limited access to the law library and legal material. (Pl.'s Mot at 1-2.)

There is no constitutional right to counsel in a civil case. <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). The Court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the Plaintiff to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved. <u>See</u> <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. <u>See id.</u> Neither the need for discovery, nor the fact that the <u>pro se</u> litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. <u>See</u> <u>Rand</u>, 113 F.3d at 1525 (where Plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel). Accordingly, Plaintiff's motion for appointment of counsel (docket no. 29) is DENIED for lack of exceptional circumstances. <u>See id.</u>; <u>Terrell</u>, 935 F.2d at 1017; <u>Wilborn</u>, 789 F.2d at 1331.

///

///

B.  Motion for Default Judgment

Plaintiff filed a motion for default judgment. (Docket No. 30.) Federal Rule of Civil Procedure 55(b) contemplates that a default judgment may be sought after default has been entered against a defendant. See also New York Life Ins. Co. v. Brown, 84 F.3d 137 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment."); Lee v. Brotherhood of Maintenance of Way Employees, 139 F.R.D. 376, 380 (D. Minn. 1991). Plaintiff's motion for default judgment was premature because default had not been entered against Defendants. Furthermore, Defendants were not in default at the time Plaintiff's motion was filed as they appeared in the action shortly after summons were returned executed. (See Docket No. 28.) The motion for default judgment is therefore DENIED. (Docket No. 30.)

C.  Motion for Temporary Restraining Order ("TRO")

Plaintiff filed a motion for a TRO/preliminary injunction pursuant to Fed. R. Civ. P. 65(b) (docket no. 32), and a supplement thereto (docket no. 42). Plaintiff requests that the Court order Defendants, Pelican Bay State Prison officials, "to return Plaintiff's personal legal and religious materials which they confiscated; grant [P]laintiff a 3000 calory [sic] diabetic diet (pursuant to Kashrut; Jewish Dietary Laws/Kosher); continue the peanut butter crackers..., and rule that Plaintiff return to his single-cell status...." (Pl.'s Mot. at 2) (Docket No. 32). Plaintiff also requests that the Court issue a declaratory judgment declaring the rights and liabilities of the parties. Id. In his supplemental motion for a TRO/preliminary injunction, Plaintiff requests the Court to order Defendants to transfer Plaintiff to another prison and stay this action until the transfer. (Pl.'s Mot. at 2) (Docket No. 42).

The Ninth Circuit has held that requests for injunctive relief may be based upon either of two sets of criteria. The "traditional" test requires the movants to: (1) establish a strong likelihood of success on the merits; (2) show the possibility

1  of irreparable injury to the plaintiff if the preliminary relief is not granted; (3)
2  show a balance of hardships favoring the movants[1]; and (4) show that granting the
3  injunction favors the public interest.  <u>Los Angeles Memorial Coliseum Comm'n v.</u>
4  <u>Nat'l Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980).

5        The "alternative" test requires that the movants demonstrate either a
6  combination of probable success on the merits and the possibility of irreparable
7  injury, or that serious questions are raised and the balance of hardships tips sharply
8  in their favor.  <u>See</u> <u>Diamontiney v. Borg</u>, 918 F.2d 793, 795 (9th Cir. 1990);
9  <u>Alaska v. Native Village of Venetie</u>, 856 F.2d 1384, 1388 (9th Cir. 1988);
10 <u>American Motorcyclist Ass'n v. Watt</u>, 714 F.2d 962, 965 (9th Cir. 1983).  These
11 two formulations represent two points on a sliding scale in which the required
12 degree of irreparable harm increases as the probability of success decreases.
13 <u>Diamontiney</u>, 918 F.2d at 795.  At the very least, however, the moving party must
14 show a fair chance of success on the merits.  <u>Armstrong v. Mazurek</u>, 94 F.3d 566,
15 567 (9th Cir. 1996).

16       The Court finds that Plaintiff has not shown sufficient facts to establish that
17 he actually faces irreparable harm due to his complaints of the Defendants' alleged
18 confiscation of his property and their failure to provide a specific diet.  Nor has
19 Plaintiff shown his probable success on the merits, particularly in light of
20 Defendants' motion to dismiss the complaint (docket no. 32) for failure to exhaust
21 administrative  remedies and for failure to state a claim under Federal Rules of
22 Civil Procedure 12(b)(6), which, if granted, is fatal to Plaintiff's action.  Finally,
23 Plaintiff's request for a Court order directing Defendants to transfer Plaintiff to
24 another prison (docket no. 42) is DENIED because prisoners have no
25 constitutional right to incarceration in a particular institution.  <u>See</u> <u>Olim v.</u>

---

[1] The district court cannot properly balance the hardships without taking into account the hardship, or lack of hardship, to the non-movants.  <u>Armstrong v. Mazurek</u>, 94 F.3d 566, 568 (9th Cir. 1996).

1  Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum, 427 U.S. 224.
2  Accordingly, Plaintiff's motion for a TRO/preliminary injunction (docket nos. 32
3  & 42) are DENIED.

## CONCLUSION

Plaintiff's motion for appointment of counsel (docket no. 29) is DENIED without prejudice.  Plaintiff's motion for default judgment (docket no. 30) is DENIED.  Plaintiff's motion for TRO/preliminary injunction (docket no. 32 & 42) is DENIED.

This order terminates dockets 29, 30, 32 and 42.

IT IS SO ORDERED.

DATED:  6/12/08

JEREMY FOGEL
United States District Judge