1
2
3
4
5
6
7
8

NOT FOR CITATION

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12    FREDERICK WAYNE SMITH,            )    No. C 06-00103 JF (PR)
                                        )
13              Plaintiff,              )    ORDER PARTIALLY GRANTING
                                        )    MOTION TO DISMISS; DISMISSING
14        vs.                           )    EXHAUSTED CLAIMS WITH LEAVE
                                        )    TO AMEND; ORDER DIRECTING
15                                      )    DEFENDANTS TO FILE
                                        )    DISPOSITIVE MOTION OR NOTICE
16                                      )    REGARDING SUCH MOTION ON
      JOANNE WOODFORD, et al.,          )    COGNIZABLE CLAIM;
17                                      )    ADDRESSING OUTSTANDING
                Defendant(s).           )    MOTIONS
18                                      )
                                        )    (Docket Nos. 33, 46, 48, 49, 54 & 57)
19    _____  )

20          Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint

21    pursuant to 42 U.S.C. § 1983.   Finding the complaint, liberally construed, stated

22    cognizable claims, the Court ordered service upon Defendants.  On March 24, 2008,

23    Defendants filed a motion to dismiss for Plaintiff's failure to exhaust administrative

24    remedies for six of Plaintiff's claims under the Prison Litigation Reform Act, 42 U.S.C.

25    § 1997e(a), and to dismiss the remaining claims for failure to state a claim under Rule

26    12(b)(6) of the Federal Rules of Civil Procedure.  (Docket No. 33.)  Plaintiff filed an

27    opposition to the motion, and Defendants filed a reply.  For the reasons discussed

28    below, the Court will partially grant the motion and dismiss unexhausted claims,

United States District Court
For the Northern District of California

1  dismiss with leave to amend exhausted claims, and order Defendants to file a

2  dispositive motion on one cognizable claim.

3

4  **DISCUSSION**

5  A.     Motion to Dismiss for Failure to Exhaust

6          1.      Standard of Review

7          The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321

8  (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be

9  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

10 Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

11 such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

12 Exhaustion is mandatory and no longer left to the discretion of the district court.

13 Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S.

14 731, 739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those

15 that meet federal standards."  Id.  Even when the relief sought cannot be granted by the

16 administrative process, i.e., monetary damages, a prisoner must still exhaust

17 administrative remedies.  Id. at 2382-83 (citing Booth, 532 U.S. at 734).

18          "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term

19 'exhausted' to mean what the term means in administrative law, where exhaustion

20 means proper exhaustion."  Id. at 2387.  Therefore, the PLRA's exhaustion requirement

21 requires "proper exhaustion" of available administrative remedies.  Id.  "Proper

22 exhaustion demands compliance with an agency's deadlines and other critical

23 procedural rules because no adjudicative system can function effectively without

24 imposing some orderly structure on the course of its proceedings."  Id. at 2386 (footnote

25 omitted).  In other words, the PLRA's exhaustion requirement cannot be satisfied "by

26 filing an untimely or otherwise procedurally defective administrative grievance or

27 appeal."  Id. at 2382.  Furthermore, administrative remedies may not be exhausted

28 where the grievance, liberally construed, does not have the same subject and same

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

request for relief.  See generally O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction, grievance requesting a lower bunk due to poor balance resulting from a previous brain injury was not equivalent to, and therefore did not exhaust administrative remedies for, claims of denial of mental health treatment in violation of the ADA and Rehabilitation Act).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.  Id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  Id. at 1237-38.  A prisoner need not proceed further and also exhaust state judicial remedies.  Jenkins v. Morton, 148 F.3d 257, 259-60 (3d Cir. 1998).

        2.    Legal Claims

Plaintiff alleges that Defendants Joanne Woodford, Kirkland, Dwight D. Winslow, Lori Bree, J. Hartman, and R. Morino were deliberately indifferent to his serious medical needs and his safety needs in violation of the Eighth Amendment. Specifically, Plaintiff alleges that Defendants failed to provide him with an adequate diet in keeping with his medical condition, they delayed diagnosis and treatment for his diabetes, and they failed to provide prompt treatment for his foot condition.  With respect to his safety needs, Plaintiff alleges that the imposition of SHU time and failure to single-cell him jeopardized his safety.  Secondly, Plaintiff alleges that he was denied his First Amendment right to religious freedom because he was not provided with

United States District Court

For the Northern District of California

1   kosher meals and was forced to endure an insulin injection made from pork products.

2   Plaintiff also alleges that Defendants unlawfully deprived him of his legal and religious

3   property, violating his right of access to courts and right to practice his religion.  These

4   claims are cognizable, when liberally construed, as violations of Plaintiff's

5   constitutional rights.  Defendants argue that Plaintiff failed to administratively exhaust

6   several of his claims and therefore those claims should be dismissed for failure to

7   exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a).  Plaintiff

8   insists that he has administratively exhausted all his claims.  The Court will review the

9   history of the inmate appeals filed by Plaintiff based upon the documents he has

10  submitted with his complaint as well as the documents submitted by Defendants to

11  determine the merits of this motion.

12         3.    Exhausted Claims

13         While Defendants argue that Plaintiff failed to exhaust most of the claims stated

14  in his complaint, there are two claims which Defendants do not contest are exhausted:

15  1) Defendants acted with deliberate indifference to Plaintiff's medical needs by failing

16  to provide Plaintiff with a proper diet to meet his needs as a diabetic and Hepatitis C

17  Virus patient; and 2) Defendants violated Plaintiff's right to access to courts.

18         In support of their motion, Defendants have submitted the declaration of N.

19  Grannis, the Chief of the Inmate Appeals Branch, showing that Plaintiff submitted

20  seven inmate appeals to the Director's Level of Review from January 25, 2005, when

21  Plaintiff was transferred to PBSP, and January 10, 2006, when Plaintiff filed the instant

22  complaint.  (Decl. N. Grannis at 2.)  Only three of the seven appeals were accepted for

23  Director's Level review: PBSP 05-00503, PBSP 05-01176, and PBSP 05-01600.[1]  Both

24  Plaintiff and Defendants have provided copies of the Director's Level Appeal Decision

25  on inmate appeal numbers PBSP 05-01176 and PBSP 05-00503, decided on September

26

27         [1] Of the other four appeals, three were not accepted because they were
28  missing documentation or had not been completed at the second level of review and
    one originated from another prison.  (See Decl. N. Grannis at 2.)

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\CR.06\Smith00103_grant-mtd (exh).wpd       4

19, 2005 and October 12, 2005, respectively. (Compl. Ex. E at 1-2; Decl. N. Grannis, Exs. B and C.) In inmate appeal PBSP 05-01176, Plaintiff claimed that he was not receiving a proper diet to meet his needs as a diabetic and Hepatitis C Virus patient. (Decl. N. Grannis, Ex. B at 5.) In inmate appeal PBSP 05-00503, Plaintiff claimed that his "access to court [sic] to prove [his] innocence was violated when staff refuse[d] [him] [his] owned [sic] law books" and other legal property. Id. at 2. Accordingly, these two claims were properly exhausted at the time Plaintiff filed the instant action. The Court will order Defendants to file a dispositive motion on the first claim, and dismiss the second claim with leave to amend. See infra pp. 7-8.

### 4. Unexhausted Claims

Defendants argue that six of Plaintiff's claims were not properly exhausted at the time Plaintiff filed the complaint. Of the six unexhausted claims, Defendants cite inmate appeal PBSP 05-01600, submitted on June 10, 2005, in which Plaintiff requested to see a podiatrist and complained of "excruciating pain and swelling." (Decl. N. Grannis Ex. D at 4.) Director's Level Review was not completed until February 16, 2006, which was after Plaintiff filed the instant complaint on January 10, 2006. Id. at 1. A prisoner must exhaust his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Plaintiff clearly did not exhaust this claim at the time he filed the complaint.

In addition, Defendants argue that Plaintiff failed to exhaust administrative remedies for the following five claims: 1) Defendants were deliberately indifferent to Plaintiff's safety needs by imposing SHU time, (Docket No. 33 at 6.); 2) Defendants were deliberately indifferent to Plaintiff's safety because Plaintiff was not housed in a single cell, id.; 3) Defendants violated Plaintiff's First Amendment right to practice his religion because he was not served kosher food and because he received an insulin injection made out of pork, id. at 7; 4) Defendants were deliberately indifferent to Plaintiff's medical needs because Plaintiff was not given a sandwich with his evening

United States District Court
For the Northern District of California

snack, id. at 7-8; and 5) Defendants delayed diagnosis and treatment for diabetes for twenty-four years, id. at 8-9.   In support of their motion, Defendants have submitted the declaration of C. Wilbur, the Appeals Coordinator at PBSP, describing the fourteen inmate appeals that Plaintiff filed between January 25, 2005, the date Plaintiff was transferred to PBSP, and January 10, 2006, the date the instant complaint was filed. The Wilbur declaration and exhibits thereto show the disposition of the fourteen inmate appeals at the first and second levels.  The fourteen appeals include the three discussed above which were completed through the Director's Level Review.  Of the remaining eleven appeals, seven were not submitted to the second level (appeal nos. 05-00700, 05-00990, 05-01897, 05-02696, 05-02454, 05-02659, and 06-06054), three were granted in part or whole at the second level (appeal nos. 05-00677, 05-01707, and 05-01789), and one was rejected for containing false information at second level (appeal no. 05-01103[2]).  (See C. Wilbur Decl. 2-4.)  According to the declaration, Plaintiff submitted ten other appeals for informal review which were never submitted for further review at the first or second levels.  Id. at 4.  Plaintiff has provided no evidence to show that any other appeals were completed through the Director's Level Review beyond the three shown by Defendant.  It is clear that Plaintiff did not properly exhaust the six claims stated above at the time he filed the complaint.

    5.   Mixed Complaint

        As discussed above, Plaintiff's complaint contains two exhausted claims and six unexhausted claims.  An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  McKinney, 311 F.3d at 1199; see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are

---

    [2] The Court notes that although inmate appeal PBSP 05-01103 was screened out at the Director's Level for failure to complete through the second level, the appeal was in fact completed through second level.  (See C. Wilbur Decl. Ex. D; N. Grannis Decl. Ex. A at 2.)  However, this is of no consequence as the issue in this inmate appeal, which involves Plaintiff seeking an approval slip to receive correspondence from his sister, is not one of the claims in the instant complaint.

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed).  However, the PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint.  <u>Jones v. Bock</u>, 127 S. Ct. 910, 925-26 (2007) (rejecting "total exhaustion-dismissal" rule); <u>Lira v. Herrera</u>, 427 F.3d 1164, 1170 (9th Cir. 2005).

The proper treatment of a mixed complaint, *i.e.*, a complaint with both exhausted and unexhausted claims, will depend on the relatedness of the claims contained within. <u>Id.</u> at 1175.  When a prisoner has filed a mixed complaint and wishes to proceed with only the exhausted claims, the district court should simply dismiss the unexhausted claims when the unexhausted claims are not intertwined with the properly exhausted claims.  <u>Id.</u>  On the other hand, when a plaintiff's mixed complaint includes exhausted and unexhausted claims that are closely related and difficult to untangle, dismissal of the defective complaint with leave to amend to allege only fully exhausted claims, is the proper approach.  <u>Id.</u> at 1176.  The Court concludes that Plaintiff's exhausted and unexhausted claims are not intertwined or so closely related to warrant dismissal with leave to amend to separate out the exhausted from the unexhausted claims.  However, Plaintiff will be granted leave to amend the deficiencies of his <u>exhausted</u> claims as discussed below.

Because Plaintiff failed to exhaust his administrative remedies with respect to six of his claims, Defendants' motion to dismiss those unexhausted claims (Docket No. 40) is GRANTED.  <u>See</u> 42 U.S.C. § 1997e(a).  The six unexhausted claims, <u>see</u> *supra* at pp. 5-6, are DISMISSED without prejudice to Plaintiff's refiling after all available administrative remedies have been properly exhausted.

B.    <u>Motion to Dismiss For Failure to State a Claim</u>

1.    <u>Right of Access to Courts</u>

Defendants argue that one of Plaintiff's exhausted claims, *i.e.*, that denial of his right to access to courts, should be dismissed because his allegations are vague,

1    conclusory and fail to set forth any material facts in support thereof.  (Docket No. 33

2    at 12.)

3          Prisoners have a constitutional right of access to the courts.  Lewis v. Casey, 518

4    U.S. 343, 350 (1996).  To establish a claim for any violation of the right of access to the

5    courts, a prisoner must prove that prison officials (or inadequacies in the prison's legal

6    access program) caused him an actual injury to court access by hindering his efforts to

7    pursue a non-frivolous claim concerning his conviction or conditions of confinement.

8    See id. at 350-55.  "Impairment of any other litigating capacity is simply one of the

9    incidental (and perfectly constitutional) consequences of conviction and incarceration."

10   Id. at 355.

11         Plaintiff alleges that Defendants destroyed and disposed of his legal and personal

12   property which prevented him from filing a petition in the supreme and federal courts.

13   (Compl. 17-18.)  This is insufficient to state a claim for relief as Plaintiff has failed to

14   allege actual injury.  Plaintiff will be given leave to amend to attempt to allege actual

15   injury.  In amending, Plaintiff should state: 1) what legal property was taken; 2) how

16   the deprivation of the legal property interfered with access to the courts, *e.g.*, missed

17   deadlines or any adverse court action as a result of the interference; and 3) the case

18   name and number of each court case, if any, affected by the confiscation or destruction

19   of Plaintiff's legal materials.  Plaintiff should also identify the nature of the action which

20   he was hindered from pursuing, *i.e.*, whether it was a direct criminal appeal, habeas

21   petition, or a civil rights action under 42 U.S.C. § 1983, and what non-frivolous claims

22   he would have pursued in said action.  Accordingly, this claim is DISMISSED WITH

23   LEAVE TO AMEND to correct these deficiencies.

24         2.    Free Exercise Clause

25         Defendants argue that Plaintiff's claim alleging the violation of his First

26   Amendment right to practice his religion should be dismissed as vague, conclusory and

27

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    not sufficient to support a legal theory.[3]  (Docket No. 33 at 12.)  In order to establish

2    a free exercise violation, a prisoner must show a defendant burdened the practice of his

3    religion without any justification reasonably related to legitimate penological interests.

4    See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008).  The prisoner must show

5    that the religious practice at issue satisfies two criteria:  (1) the proffered belief must be

6    sincerely held and (2) the claim must be rooted in religious belief, not in purely secular

7    philosophical concerns.  Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (cited with

8    approval in Shakur, 514 F.3d at 884).  Plaintiff has failed to allege facts showing that

9    the withholding of his religious books was unjustified and how it burdened the practice

10   of his religion, *i.e.*, Judaism.  Accordingly, this claim is DISMISSED WITH LEAVE

11   TO AMEND to correct the deficiencies.

12          3.    Supervisor Liability

13          Defendants argue that the claims against Defendants Woodford, Kirkland and

14   Winslow should be dismissed because Plaintiff's allegations against these defendants

15   on the basis of supervisory liability are vague, conclusory and not adequate to state a

16   claim for which relief can be granted.  (Docket No. 33 at 9.)

17           A supervisor may be liable under section 1983 upon a showing of (1) personal

18   involvement in the constitutional deprivation or (2) a sufficient causal connection

19   between the supervisor's wrongful conduct and the constitutional violation.  Redman

20   v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation

21   omitted).  A supervisor therefore generally "is only liable for constitutional violations

22   of his subordinates if the supervisor participated in or directed the violations, or knew

23   of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045

24   (9th Cir. 1989).  An administrator may be liable for deliberate indifference to a serious

25   medical need, for instance, if he or she fails to respond to a prisoner's request for help.

26

27          [3] Exhaustion is not an issue since it appears that Plaintiff exhausted this claim
     under appeal no. PBSP 05-00503 in which he alleges that the confiscation of his
28   property prevented him from "practicing the central tenet of [Plaintiff's] faith."  (See
     C. Wilbur Decl. Ex. B.)

1  Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).[4]  "It has long been clearly

2  established that '[s]upervisory liability is imposed against a supervisory official in his

3  individual capacity for his own culpable action or inaction in the training, supervision,

4  or control of his subordinates, for his acquiescence in the constitutional deprivations of

5  which the complaint is made, or for conduct that showed a reckless or callous

6  indifference to the rights of others.'"  Preschooler II v. Davis, 479 F.3d 1175, 1183 (9th

7  Cir. 2007) (citations omitted); see e.g., Blankenhorn v. City of Orange, 485 F.3d 463,

8  485-86 (9th Cir. 2007) (reversing summary judgment for defendant police chief where

9  triable issue of fact existed whether chief could be held liable as a supervisor given his

10  approval of one of the arresting officer's personnel evaluations despite repeated

11  complaints against officer for use of excessive force).

12      From this Court's review of Plaintiff's complaint, Plaintiff has not alleged

13  sufficient facts to state a claim against the supervisory defendants.  Plaintiff has failed

14  to allege facts showing Defendants Woodford, Kirkland and Winslow personally

15  participated in or directed the alleged constitutional violations by their subordinates, or

16  that they knew of the violations and failed to act to prevent them.  See Taylor, 880 F.2d

17  at 1045.  The simple fact that these three Defendants are supervisors does not by itself

18  suffice to plead a § 1983 claim because only those individual officials who actually

19  engage in unlawful conduct can be held liable.  See Monell v. Dep't of Social Servs.,

20  436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983

21  context and requiring individual liability for constitutional violation); Taylor v. List,

22  880 F.2d at 1045 (holding personal participation required for finding of supervisorial

23  liability based on alleged constitutional violations).  The claims against Defendants

24  Woodford, Kirkland and Winslow are DISMISSED with leave to amend to correct the

25  deficiencies as set forth above.

26
27      [4]Evidence of a prisoner's letter to an administrator alerting him to a
constitutional violation is sufficient to generate a genuine issue of material fact as to
28  whether the administrator was aware of the violation, even if he denies knowledge
and there is no evidence the letter was received.  Jett, 439 F.3d at 1098.

**United States District Court**
For the Northern District of California

1   C.      Motion to File Supplemental Complaint

2          On July 30, 2008, Plaintiff filed a motion to file a supplemental complaint,

3   (Docket No. 49), and Defendants filed opposition.

4          While leave to permit supplemental pleading is favored, it cannot be used to

5   introduce a separate, distinct and new cause of action.  See Planned Parenthood of So.

6   Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997).  Matters newly alleged in a

7   supplemental complaint must have some relation to the claim(s) set forth in the original

8   pleading.  See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988), cert. denied, 493 U.S.

9   813 (1989 ).  Leave to file a supplemental complaint therefore may not be granted

10  where the supplemental complaint involves a new and distinct cause of action that

11  should be the subject of a separate suit.  See Neely, 130 F.3d at 402 (abuse of discretion

12  to allow plaintiffs to supplement complaint after final judgment to attack newly

13  amended statute); cf. Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S.

14  218, 226 (1964) (supplemental pleading proper where new transactions not new cause

15  of action, but merely part of "same old cause of action" originally raised).

16         After reviewing the supplemental complaint, the Court finds that the claims

17  raised in Plaintiff's supplemental complaint are not related to the issues raised in his

18  original complaint.  Plaintiff's new allegations involve cell searches, the abuses he

19  sustained due to his position as the Men's Advisory Committee chairman, cell moves,

20  false Rules Violation Reports, and destroyed inmate appeals.  Accordingly, the claims

21  in his supplemental complaint have no relation to the claims set forth in the original

22  pleading but rather are basis for a new and distinct cause of action that should be the

23  subject of a separate suit.  See Keith, 858 F.2d at 474; Neely, 130 F.3d at 402.

24  Plaintiff's new allegations regarding the failure to provide Kosher meals in violation

25  of the First Amendment also has no relation to the instant action because that claim has

26  been dismissed for failure to exhaust.  Accordingly, the motion is DENIED.  (Docket

27  No. 49.)

28  ///

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

D.    Motions for Temporary Restraining Order ("TRO")

Plaintiff filed a second supplemental motion (Docket No. 46) for a TRO/preliminary injunction to his original motion (Docket No. 32), and additional motions thereafter.  (Docket Nos. 48 and 54.)

In his second supplemental motion, Plaintiff requests the Court to "issue an injunction ordering [D]efendants and their agents t to... immediately arrange for the [P]laintiff's transfer to a prison [or] to the general population without reprisal." (Docket No. 46 at 9.)  In his next motion, Plaintiff requests that the Court order Defendants, Pelican Bay State Prison officials, "to Transfer Plaintiff to a Institutional Prison that has a Rabbi, Kosher Diet, and Jewish services."   (Docket No. 48 at 2.) Plaintiff repeats his request for a transfer in another motion, in addition to requesting the Court to "stop the Defendants from donating my property [or] making me send it home," to "store Plaintiff['s] typewriter, legal property (personal)" and "arrange for [P]laintiff's property (also typewriter) to be given when doing legal work." (Docket No. 54 at 3 and 7.)  Most recently, Plaintiff filed a copy of a letter titled "Emergency Notice" addressed to the Warden of PBSP, requesting Plaintiff's immediate transfer to another prison and a request for "lockdown" for his personal safety until then. (Docket No. 57.)

The Ninth Circuit has held that requests for injunctive relief may be based upon either of two sets of criteria.  The "traditional" test requires the movants to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movants[5]; and (4) show that granting the injunction favors the public interest.  Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).

_____

[5] The district court cannot properly balance the hardships without taking into account the hardship, or lack of hardship, to the non-movants.  Armstrong v. Mazurek, 94 F.3d 566, 568 (9th Cir. 1996).

United States District Court

For the Northern District of California

1    The "alternative" test requires that the movants demonstrate either a combination

2    of probable success on the merits and the possibility of irreparable injury, or that serious

3    questions are raised and the balance of hardships tips sharply in their favor.  See

4    Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir. 1990); Alaska v. Native Village of

5    Venetie, 856 F.2d 1384, 1388 (9th Cir. 1988); American Motorcyclist Ass'n v. Watt,

6    714 F.2d 962, 965 (9th Cir. 1983).  These two formulations represent two points on a

7    sliding scale in which the required degree of irreparable harm increases as the

8    probability of success decreases.  Diamontiney, 918 F.2d at 795.  At the very least,

9    however, the moving party must show a fair chance of success on the merits.

10   Armstrong v. Mazurek, 94 F.3d 566, 567 (9th Cir. 1996).

11       The Court finds that Plaintiff has not shown sufficient facts to establish that he

12   actually faces irreparable harm due to his complaints of the Defendants' alleged

13   confiscation of his property and their failure to provide "Jewish services."  Nor has

14   Plaintiff shown his probable success on the merits, particularly in light of the Court's

15   dismissal for failure to exhaust administrative remedies of Plaintiff's claim that he was

16   unlawfully denied kosher meals.  See supra pp. 5-6.  Finally, Plaintiff's requests for a

17   Court order directing Defendants to transfer Plaintiff to another prison are DENIED

18   because prisoners have no constitutional right to incarceration in a particular institution.

19   See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum, 427 U.S. 224.

20   Accordingly, Plaintiff's motions for a TRO/preliminary injunction (Docket Nos. 46, 48

21   and 54) are DENIED.

22

23                                  **CONCLUSION**

24       For the reasons stated above, the Court orders as follows:

25       1.    Defendants' motion to dismiss for failure to exhaust (Docket No. 33) is

26   GRANTED.  The  six unexhausted claims are DISMISSED without prejudice.  See

27   supra at pp. 5-6.

28       2.    Defendants' motion to dismiss for failure to state a claim is PARTIALLY

GRANTED.  The following claims are DISMISSED WITH LEAVE TO AMEND: 1) Defendants violated Plaintiff's right to access to courts by confiscating his legal property; 2) Defendants violated the Free Exercise Clause by confiscating Plaintiff's religious books; and 3) Defendants Woodford, Kirkland and Winslow are liable as supervisors for their personal involvement in the unlawful acts of their subordinates. Plaintiff shall file an AMENDED COMPLAINT within **thirty (30) days** from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (06-00103 JF (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not allege any claims beyond the three listed above.  **Failure to file an amended complaint in accordance with this order will result in dismissal of these claims.**

3.  No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim that Defendants acted with deliberate indifference to Plaintiff's medical needs by failing to provide Plaintiff with a proper diet to meet his needs as a diabetic and Hepatitis C Virus patient.

a.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

4.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

a.  In the event Defendants file an unenumerated motion to dismiss

**United States District Court**
For the Northern District of California

1    under Rule 12(b), Plaintiff is hereby cautioned as follows:[6]

2            The Defendants have made a motion to dismiss pursuant to Rule
     12(b) of the Federal Rules of Civil Procedure, on the ground you have
3    not exhausted your administrative remedies. The motion will, if granted,
     result in the dismissal of your case. When a party you are suing makes
4    a motion to dismiss for failure to exhaust, and that motion is properly
     supported by declarations (or other sworn testimony) and/or documents,
5    you may not simply rely on what your complaint says. Instead, you must
     set out specific facts in declarations, depositions, answers to
6    interrogatories, or documents, that contradict the facts shown in the
     Defendant's declarations and documents and show that you have in fact
7    exhausted your claims. If you do not submit your own evidence in
     opposition, the motion to dismiss, if appropriate, may be granted and the
8    case dismissed.

9            b.    In the event Defendants file a motion for summary judgment, the

10   Ninth Circuit has held that the following notice should be given to Plaintiffs:

11           The defendants have made a motion for summary  judgment by
     which they seek to have your case dismissed. A motion for summary
12   judgment under Rule 56 of the Federal Rules of Civil Procedure will, if
     granted, end your case.
13
             Rule 56 tells you what you must do in order to oppose a motion
14   for summary judgment. Generally, summary judgment must be granted
     when there is no genuine issue of material fact--that is, if there is no real
15   dispute about any fact that would affect the result of your case, the party
     who asked for summary judgment is entitled to judgment as a matter of
16   law, which will end your case. When a party you are suing makes a
     motion for summary judgment that is properly supported by declarations
17   (or other sworn testimony), you cannot simply rely on what your
     complaint says. Instead, you must set out specific facts in declarations,
18   depositions, answers to interrogatories, or authenticated documents, as
     provided in Rule 56(e), that contradict the facts shown in the defendants'
19   declarations and documents and show that there is a genuine issue of
     material fact for trial. If you do not submit your own evidence in
20   opposition, summary judgment, if appropriate, may be entered against
     you. If summary judgment is granted in favor of defendants, your case
21   will be dismissed and there will be no trial.

22   See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised

23   to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett,

24   477 U.S. 317 (1986) (holding party opposing summary judgment must come forward

25   with evidence showing triable issues of material fact on every essential element of his

26

27           [6]The following notice is adapted from the summary judgment notice to be
     given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th
28   Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

United States District Court

For the Northern District of California

claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5.     Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

This order terminates Docket Nos. 33, 46, 48, 49, 54 & 57.

IT IS SO ORDERED.

DATED: ___2/3/09___

JEREMY FOGEL
United States District Judge

United States District Court
For the Northern District of California